# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00521-CV

**Mae Burnham Carson, Appellant**

**v.**

**Gerald William Carson, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT
NO. 03-2273-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Mae Burnham Carson filed a *pro se* appeal challenging the district court's decree of divorce. She raises a variety of issues in her brief falling into several categories: (1) that the mediated settlement agreement dividing the marital assets was obtained through coercion and intimidation, (2) that she was not fully informed of the financial consequences of the agreement, and (3) that the laws governing divorce should be reformed. We affirm the district court's judgment.

Mae Carson and her husband Gerald William Carson entered into a mediated settlement agreement specifying the division of the marital estate. She and her attorney signed the agreement, which stated in bold letters:

> THIS AGREEMENT IS NOT SUBJECT TO REVOCATION. THIS AGREEMENT IS BINDING AND IRREVOCABLE PURSUANT TO RULE 11 OF THE TEXAS RULES OF CIVIL PROCEDURE AND PURSUANT TO THE TEXAS FAMILY CODE.

When Mae Carson refused to sign the divorce decree, as required by the mediated settlement agreement, Gerald Carson moved to enforce the agreement. Mae Carson filed no response to the motion to enforce, and the district court signed the divorce decree incorporating the terms of the agreement. The attorneys for both parties approved the decree as to form, and Gerald Carson approved as to form and content. Mae Carson also approved as to form and content but added the notation "with dispute over process & agreement." She filed a timely notice of appeal and did not file a motion for new trial.

Mae Carson contends in her brief that the "settlement was not based on true mediation but implemented by intimidation and coercion." We agree that a settlement agreement obtained through coercion would not be enforceable. *See, e.g.*, *Boyd v. Boyd*, 67 S.W.3d 398, 405 (Tex. App.—Fort Worth 2002, no pet.) (mediated settlement agreement obtained through fraud unenforceable). However, Mae Carson was represented by counsel throughout the divorce proceeding, and she has not alleged that her attorney colluded in any effort to intimidate or coerce her. The only objection to the settlement agreement in the record is a vague notation beside Mae Carson's signature on the divorce. These bare assertions of intimidation and coercion, especially in light of the fact that Mae Carson was represented by counsel, are insufficient to establish that the mediated settlement agreement is unenforceable. We overrule this issue.

Mae Carson also raises issues complaining that she was not fully informed of the financial implications of the agreed upon division of property. Again, we note that she was represented by counsel whose primary responsibility was to assist her in negotiating the division of property. The mediated settlement agreement in this case meets all statutory requirements to be

2

binding on the parties. *See* Tex. Fam. Code Ann. § 6.602 (West Supp. 2004-05). To the extent that Mae Carson seeks to disturb the contents of the agreement on appeal, these issues are barred by statute and the language of the agreement. Finally, Mae Carson presents a number of suggestions for the reform of the family code, but the power to enact new laws rests with the legislature not the courts. Without evaluating her suggested reforms, we overrule all of Mae Carson's remaining issues.

Having overruled all of Mae Carson's issues, we affirm the district court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: November 4, 2005